# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

**MEIKA DESEAN BRITTON #167394**                                                   **PETITIONER**

v.                                                      **No. 3:14CV104-NBB-JMV**

**TIMOTHY OUTLAW**, *et al.*                                                  **DEFENDANT**

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Meika Desean Britton for a writ of *habeas corpus*. The State has responded to the petition, and Britton has replied. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be denied.

### Factual and Procedural History

Meika Desean Britton is in the custody of the Mississippi Department of Corrections and is currently housed at the Mississippi State Penitentiary, in Parchman, Mississippi. Britton offered an *Alford* plea to child exploitation in the Circuit Court of DeSoto County, Mississippi. After the plea hearing, but before sentencing, Britton sought to withdraw his plea and filed a *pro se* letter alleging that his plea was involuntary and that he had received ineffective assistance of counsel. The trial court construed the letter as a motion to withdraw the plea, and, after a hearing, found that Britton had voluntarily and intelligently entered his plea. *Id.* The court then sentenced Britton to five years' imprisonment, followed by ten years of post-release supervision.

Britton then filed a direct appeal to the Mississippi Supreme Court (No. 2011-TS-01110-COA), but withdrew the appeal shortly thereafter. On December 19, 2011, Britton filed a

"Motion for Post-Conviction Collateral Relief" in DeSoto County Circuit Court (No. CV21011-395), alleging that: (1) insufficient factual basis supported his guilty plea, (2) his guilty plea was involuntary, (3) his indictment was substantively defective, and (4) his counsel was ineffective. *Britton*, 130 So.3d at 93.

The circuit court reviewed these issues and denied the motion. Britton appealed the decision to the Mississippi Supreme Court, which referred the matter to the Mississippi Court of Appeals. The Court of Appeals affirmed the circuit court's decision. *See Britton v. State*, 130 So.3d 90 (2013).

After fully exhausting the avenues of relief available in state court, Britton seeks federal *habeas corpus* relief, raising the following grounds for relief: (1) ineffective assistance of counsel, (2) the trial court's failure to permit withdrawal of the *Alford* Plea, (3) the trial court's failure to give inform Britton of elements of the crime, (4) the trial court's failure to set forth the factual basis for accepting the guilty plea, and (5) cumulative error.

## Grounds Reviewed on the Merits in State Court

Under the Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), the findings of the state court claims are barred from *habeas corpus* review unless adjudication of the claim:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

*Id.* The first exception, subsection d(1), applies to review of questions of law or mixed questions of law and fact. *Morris v. Cain*, 186 F.3d 581, 584 (5th Cir. 1999). The second exception applies

to questions of fact. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997). As the court is faced with questions of law and questions of fact, both exceptions are applicable to the petitioner's claims.

The first clause of this subsection prevents a court from granting *habeas corpus* relief unless it determines that "a state court's decision rested on an unreasonable application of law, or was contrary to clearly established federal law as determined by the Supreme court." *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997) (quotations omitted); 28 U.S.C. § 2254(d)(1). A state court's holding involves an unreasonable application of federal law if it identifies the correct governing law or principle but unreasonably applies the set of facts to the prisoner's case. *Williams v. Taylor,* 529 U.S. 362, 410. The court's decision must be an objectively unreasonable – not merely incorrect – application of federal law. *Id.* at 410. Further, a state court's decision is contrary to federal law if it confronts facts that are "materially indistinguishable" from a relevant Supreme Court precedent and arrives at an opposite result. *Williams*, 529 U.S. at 405.

A petitioner's claim may merit review under § 2254(d)(2) if those facts to which the trial court applied the law were determined unreasonably in light of the evidence presented. As the trial court is presumed to have determined the facts reasonably, the petitioner must prove such error with clear and convincing evidence. *Miller v. Johnson*, 200 F.3d 274, 281 (5th Cir. 2000); 28 U.S.C. § 2254(d)(2).

### Ineffective Assistance of Counsel

Britton's first claim is that his attorney provided ineffective assistance in defending him. Under *Strickland v. Washington*, a claim of ineffective counsel requires the defendant to show that (1) the counsel's performance was deficient; and (2) that deficient performance prejudiced the defense. 466 U.S. 668, 687 (1984). The first prong requires a showing that counsel "made

errors so serious that counsel was not functioning as his advocate, a right guaranteed to the defendant under the Sixth Amendment." *Id.* The second prong requires the petitioner to show that counsel's errors were so serious as to deprive the defendant of a fair trial. *Id.* Further, a convicted defendant complaining that counsel rendered ineffective assistance must show that counsel's representation fell below an objective standard of reasonableness. *Id.* at 688.

The court is not to analyze counsel's actions in hindsight, but rather to judge his or her decisions in a "highly deferential" manner. *Motely v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994); quoting *Strickland*, 466 U.S. at 689. Further, the acts or omissions must be outside the wide range of professionally competent assistance. *Strickland*, 466 U.S. at 690. However, "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. There is a strong presumption that counsel has exercised reasonable professional judgment. *Id.* at 689. Thus the petitioner must show that there is a "reasonable probability that but for the counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Britton's petition raises the following allegations to support his claim of ineffective assistance of counsel: (1) Failure to investigate the facts or contact witnesses; (2) failure to explain the elements of the crime; (3) failure to inform of the correct minimum and maximum sentence for crime; (4) misleading or coercing the petitioner to enter an *Alford* plea.

### *Failure to Investigate*

Britton first argues that counsel failed to investigate the facts and circumstances surrounding the case. Specifically, Britton alleges that his counsel failed to interview or subpoena potential witnesses. (Petition, P. 9-10) Further, Britton alleges that counsel should

have tried to contact the federal public defender regarding an investigation done in a federal revocation case. *Id.*

"[A] defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial." *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989). The Mississippi Court of Appeals rejected this claim, holding that, when a movant "offers only his affidavit, then his ineffective assistance of counsel claim is without merit." *Britton v. State*, 130 So.3d 90, 96 (2013) (citing *Vielee v. State*, 653 So.2d 920, 922 (Miss. 1995)). Although Britton submitted statements and affidavits from other witnesses within his motion, the Mississippi Court of Appeals found that "only [Britton's] affidavit bolsters his claim that his attorney was ineffective." *Id.* Further, the court noted that, during the plea hearing, Britton maintained that he fully discussed his case with his attorney and was satisfied with his advice.

To support the instant petition, Britton has submitted affidavits from friends and members of his family (Affidavits E, A), stating that Britton's attorney did not contact them despite their desire to serve as character witnesses. The affidavits state that Britton was often around children and never presented a threat. (*See* Affidavit A: Angela Whisenhunt; Affidavit E: Helen Holden, Beverly Bartlett) In light of the devastating evidence the State was prepared to introduce at trial, the court is unconvinced that affidavits of friends and family regarding Britton's past behavior around children could overcome the State's strong evidence of his guilt (summarized below.) Friends and family are often naturally (and unwittingly) disposed to see their loved ones in a good light, and are thus less likely to be impartial. The court cannot fault counsel for deciding that such witnesses would of little use. The affidavits in this case thus do not present any additional evidence that would support the notion that counsel failed to

adequately investigate the case, and, in this court's opinion, do not constitute evidence that would have altered the outcome of the case. Therefore, the state court's finding that Britton's claim that counsel was ineffective for failure to investigate was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States. Nor was the holding based upon an unreasonable interpretation of the facts in light of the evidence presented.

### *Failure to Explain the Elements of the Crime*

Next, Britton argues that counsel did not properly explain the elements of the crime. Specifically, Britton claims that counsel failed to advise him of the *mens rea* elements to the crime. Britton pled guilty to the crime of child exploitation under Miss. Code Ann. § 97-5-33(7), which provides:

> (7) No person shall by any means, including computer, knowingly entice, induce, persuade, solicit, advise, coerce or order a child to produce any visual depiction of adult sexual conduct or any sexually explicit conduct.

Miss. Code Ann. §97-5-33. The Mississippi Court of Appeals found that "the prosecutor's on the record statement, made in front of Britton and his attorney during Britton's plea hearing, sufficiently informed Britton of the required elements of child solicitation." *Britton*, 130 So.3d at 95. The prosecutor's statement included the statement that "the defendant, between the dates of September 23, 2008, and January 5, 2009, did *willfully, unlawfully, purposely, knowingly* entice, induce, persuade, seduce, solicit, advise, coerce, or order [a minor] to produce any visual depiction of adult sexual contact or any sexually explicit conduct." *Id.* at 94. (emphasis added). Thus, whether counsel reviewed the elements with Britton or not, he was present when the prosecution stated them. Thus, the record shows these elements were clearly presented to Britton. In any event, Britton's plea petition acknowledges that counsel "advised him of the

elements" of the charged offense. *Id.* at 94. Thus the state court's rejection of Britton's claim of ineffective counsel was neither contrary to, nor did it involve an unreasonable application of, clearly established federal law; nor did it involve an unreasonable interpretation of the facts in light of the evidence presented.

### *Failure to Inform the Petitioner of the Correct Minimum and Maximum Sentence for the Crime.*

Britton next argues that his counsel failed to advise him of the correct minimum and maximum sentence for his crime. In determining whether a plea is voluntary, the court must determine the petitioner was advised by *someone*, prior to pleading guilty, of the range of possible punishments. *Burdick v. Quarterman*, 504 F.3d 545, 548 (5th Cir. 2007). The appellate court found that although Britton's plea petition misstated the maximum punishment, the trial court rectified this error when the court advised Britton that, if he pled guilty to child solicitation, he could be sentenced to not less than five but not more than forty years. *Britton*, 130 So.2d at 95. The court then asked Britton if he needed to confer with his attorney based on the revelation of the heightened maximum sentence, and Britton declined. *Id.* Britton then initialed the corrected maximum sentence on his plea petition and continued with his *Alford* plea. *Id.*

The court thus ensured that Britton understood the minimum and maximum range of his sentence, and the state court's rejection of Britton's ineffective assistance of counsel claim was not contrary to, or an unreasonable application of, federal law. In addition, neither was the decision an unreasonable interpretation of the facts in light of the evidence presented.

### *Counsel Misled and Coerced Britton into Believing that a Guilty Plea Was in his Best Interest.*

Britton further alleges that defense counsel misled him into entering into an *Alford* plea. During the plea hearing, the prosecution's proffer, quoted below, set forth the evidence the State

intended to prove to establish Britton's guilt, including the defendant's videotaped statement. S.C.R., Vol.2. p. 162-165. Further, at the plea hearing, Britton stated that "he had no complaints against his lawyer" and dispelled any prior concerns about his lawyer's performance. S.C.R. Vol.2, p. 181-182. Britton has produced no evidence that he was coerced or misled into his plea. The record shows that Britton voluntarily entered into his *Alford* plea, signed the necessary documents after being told the correct maximum sentence for the crime. *Britton*, 130 So.3d at 95. Thus the state court's finding that Britton's allegation of ineffective assistance of counsel was without merit was neither contrary to, nor an unreasonable application of, clearly established federal law. Nor was the state court's decision based upon an unreasonable interpretation of the facts in light of the evidence presented.

### Trial Court's Denial of Britton's Motion to Withdraw His Plea

Britton next contends that the state court erred in denying his motion to withdraw his *Alford* plea. He alleges that because he maintained his innocence throughout the proceeding, he had the right to withdraw his plea. (Petitioner's argument, P. 1) "An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." *North Carolina v. Alford*, 400 U.S. 25, 37 (1965). Further, "When [a petitioner's] plea is viewed in light of the evidence against him, which substantially negated his claim of innocence and further provided a means by which the judge could test whether the plea was being intelligently entered, its validity cannot be seriously questioned." *Id.* at 37-38. Indeed:

> In general, there is no absolute right to withdraw a guilty plea. *United States v. Grant*, F.3d 788, 789 (5th Cir. 1997). Prior to sentencing, the court may allow the plea to be withdrawn if the defendant shows any fair and just reason.

*United States v. Glinsey*, 209 F.3d 386 (5th Cir. 2000). Additionally, "[a] claim of innocence, standing alone, does not justify withdrawal." *United States v. Rojas*, 898 F.2d 40, 43 (5th Cir. 1990). The appellate court found that Britton had knowledge of the charges against him, including the minimum and maximum sentences, and was adequately informed of the consequences of his plea. *Britton v. State,* 130 So.3d 90, 94-95 (2013). Britton has presented no evidence that he offered the trial court a fair and just reason to withdraw his *Alford* plea. As such, the state court's finding was not contrary to, nor was it an unreasonable application of the facts in light of the evidence.

### Sufficiency of Prosecution's Statement of the Elements of Child Solicitation

Britton further contends that the court erred in holding that the prosecution's statement of the elements of the crime served as sufficient notice of the requirement to establish *mens rea*. Britton argues that he was never informed of the *mens rea* element to his crime; however, the trial record belies that claim. At the plea hearing, the prosecutor stated:

> The [S]tate is prepared to prove by credible and admissible evidence beyond a reasonable doubt that this defendant between the dates of September 23, 2008, and January 5, 2009, did *willfully*, unlawfully, feloniously, *purposely*, *knowingly* entice, induce, persuade, seduce, solicit, advise, coerce, or order [a minor] to produce any visual depiction of adult sexual contact or any sexually explicit conduct.

*Britton v. State*, 130 SO.2d 90, 94 (Ct. App. Miss. 2013) (emphasis added). Under state law, child solicitation occurs when a person does "*knowingly* entice, induce, persuade, solicit, advise, coerce or order a child to produce any visual depiction of adult sexual conduct or any sexually explicit conduct." Miss. Code Ann. §97-5-33(7). The words "willfully," "purposely," and "knowingly" all unequivocally establish notice of the *mens rea* necessary to support Britton's conviction for child solicitation. Britton was properly informed of all elements of the crime

charged, and he had sufficient knowledge of the *mens rea* requirement of child solicitation. This claim for relief is without substantive merit.

**Factual Basis for Britton's Guilty Plea**

Britton next contends that the trial court did not provide a factual basis for accepting his guilty plea. The Mississippi Court of Appeals held:

> At Britton's change-of-plea hearing, the State read Britton's indictment. It then detailed the evidence it would offer to show Britton had solicited a child to make a "masturbation video." The proffered proof included a forensic computer examiner's testimony about messages sent by Britton over a computer network soliciting the minor to depict sexual acts for another viewer. The State also described Britton's videotaped confession during which he admitted soliciting a minor on another person's behalf. Britton did not challenge the State's proffered factual basis. Rather, he acknowledged his satisfaction that the State could prove, beyond a reasonable doubt, he was guilty of child solicitation.

*Britton*, 130 So.2d at 93. The court clearly had a factual basis upon which to accept Britton's plea, as the prosecution was prepared to present ample evidence to support Britton's guilt, including a videotaped confession. Thus the court's decision was not an unreasonable application of the facts in light of the evidence and law. This ground for relief is without substantive merit.

**Cumulative Error**

Lastly, Britton argues that defects in the trial rose to the level of cumulative constitutional error sufficient to overturn his plea of guilty and his sentence. Federal courts recognize an independent claim based on cumulative error only where "(1) the individual errors involved matters of constitutional dimensions rather than mere violations of state law; (2) the errors were not procedurally defaulted for *habeas* purposes; and (3) the errors 'so infected the entire trial that the resulting conviction violates due process.'" *Westley v. Johnson*, 83 F.3d 714, 726 (1996); *See Derden v. McNeel*, 978 F.2d 1453, 1454 (5th Cir. 1992). The court must review the record as

a whole to determine whether the errors, more likely than not, caused the verdict to be suspect. *Kilpatrick v. Blackburn*, 777 F.2d 272, 281 (5th Cir. 1985). Additionally, a procedurally imperfect criminal proceeding does not necessarily establish that the plea of guilty was fundamentally unfair. *See Derden*, 83 F.2d at 1461 (citing *Lundy v Campell*, 888 F.2d 467, 481 (1989)). As set forth above, none of Britton's claims rose to the level of constitutional error; indeed, he has not shown any error. Thus, his claim of cumulative error is without merit and will be denied.

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be denied. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 14th day of August, 2015.

*/s/ Neal Biggers*
NEAL B. BIGGERS
SENIOR U. S. DISTRICT JUDGE